IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| JOSETTE R. AUGUISTE, | |
|---|---|
| Plaintiff, | No. 3:16-cv-00171-TMB |
| vs. | **DISMISSAL ORDER** |
| PROVIDENCE ALASKA MEDICAL, | |
| Defendant. | |

Plaintiff Josette R. Auguiste appearing *pro se* and *in forma pauperis*, has filed an Employment Discrimination Complaint under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2, against Providence Alaska Medical Center.

## I. GRAVAMEN OF COMPLAINT

Auguiste's complaint arises out the termination of her employment by the Providence Alaska Medical Center ("PAMC") and a claim of general harassment preceding her termination. Although difficult to follow, it appears that Auguiste asserts two counts.

In Count 1 alleges that PAMC filed a malicious report to the Anchorage Police Department, released her blood work report to unauthorized persons, and denied her access to pickup necessary medications.

In Count 2 appears to re-allege in slightly different terms the allegations of Count 1, adding what appears to be a wrongful termination of employment claim. Auguiste also alleges that because she could not obtain her medications she suffered unnecessary pain and, as a result of the false police report, her career was ended.

The facts underlying Auguiste's Complaint appear to be contained two single-spaced "To Whom it May Concern" letters attached to the Complaint.[1] Auguiste also attached a copy of the Alaska Department of Labor and Workforce Development Appeal Tribunal Decision granting her unemployment benefits,[2] and two Police Reports.[3] In screening the Complaint the Court has referred to those attachments. The following synopsis is provided to assist in understanding the Court's Order.

<u>June 17, 2015 Letter (Docket 1-2)</u>. In this attachment describes in general terms what Auguiste contends is a two-year history of harassment by fellow employees. Specifically, refers to undefined verbal harassment beginning in July 2003 by an employee named Anton that was reported to her department head, Laura Burger, but went uncorrected. Auguiste alleges that she was subjected to harassment and a hostile work environment fomented by racial prejudice that went uncorrected because the perpetrators were well connected with management. According to Auguiste although this abuse caused her great stress it did not affect her work performance and her evaluations and performance reviews reflected top performance in he completion of her duties.

Auguiste also refers to the circumstances surrounding the termination of her employment which is described in greater detail in her August 1, 2016, letter discussed below.

---

[1] Docket 1-1 (dated August 1, 2016) and Docket 1-2 (dated June 17, 2015).

[2] Docket 1-4 (dated March 17, 2015).

[3] Docket 1-5 (dated February 11, 2015) and Docket 1-7 (dated February 12, 2015)

August 1, 2016 Letter (Docket 1-1). In this letter Auguiste describes events occurring in February 2015 leading up to the termination of her employment and the immediate aftermath. According to Auguiste on February 12, 2015, she was called into a meeting with her manager (Laura Burger), supervisor (Sam Sameth), and the HR representative (Catherine Robinson), at which meeting Auguiste was told that she was being suspended for 3-days for insubordination. Auguiste disputed the suspension and her employment was terminated.[4]

Subsequent to her termination Auguiste was contacted by an officer of the Anchorage Police Department and informed that she was prohibited from entering onto the PAMC grounds or contacting any PAMC employees. As a result, Auguiste was unable to transfer her medication to another facility and, because her medical records were transmitted to her by mail, they were compromised.

Auguiste further alleges that as a result of a police report filed by Robinson and Burger,[5] which she alleges is false, Auguiste is unable to find employment in the medical field ending her career in healthcare.

Auguiste seeks unspecified damages for pain and suffering and loss of income.

## II. APPLICABLE LAW

The payment of a filing fee or any portion thereof not withstanding, this Court is required to dismiss a case at any time that the Court determines that the Complaint "fails

---

[4] Whether Auguiste quit or was fired is unclear from the Complaint and the documents attached. Although it may be of significance later in the proceedings, resolution of that issue is unnecessary at this stage.

[5] Docket 1-5.

DISMISSAL ORDER
*Auguiste v. Providence Alaska*, 3:16-cv-00171-TMB  3

to state a claim on which relief may be granted."[6] As presently constituted, Auguiste's Complaint is deficient.

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* platintiffs are to be liberally construed, plaintiff the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11] Further, although a court must accept as true all factual allegations

---

[6] 28 U.S.C. § 1915(e)(2)(B)(ii); *see Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[9] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10] *Iqbal*, 556 U.S. at 678–79; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## III. DISCUSSION

Initially the Court notes that the Complaint as presently constituted not only reads in narrative form, but for the most part is couched in purely conclusory terms without any supporting facts. Thus, they do not comply with the pleading requirements of the Federal Rules of Civil Procedure.[14]

As relevant to this case, 42 U.S.C. § 2000e-2 provides:

(a) **Employer practices**. It shall be an unlawful employment practice for an employer—
  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
  \* \* \* \*

Other than the conclusionary allegation of a hostile work environment based upon a racial animus, none of the facts alleged by Auguiste are cognizable under § 2002e-2. None of those allegations fall within the scope of any other federally protected right, nor is there a diversity of citizen sufficient to support the original jurisdiction of this Court.[15]

---

[12] *Id.*

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[14] *See* Fed. R. Civ. P. 8, 10. The Federal Rules of Civil Procedure may be accessed on-line at: https://www.law.cornell.edu/rules/frcp.

[15] 28 U.S.C. §§ 1331, 1332.

DISMISSAL ORDER
*Auguiste v. Providence Alaska*, 3:16-cv-00171-TMB                                                                 5

Case 3:16-cv-00171-TMB   Document 8   Filed 10/28/16   Page 5 of 7

With respect to her racial discrimination claim Auguiste does not contend that the termination of her employment was racially based. Instead, Auguiste contends that she was subjected to a hostile work environment. Whether brought under Title VII or 42 U.S.C. § 1981, the elements are the same.[16] To state a hostile work environment claim, Auguiste "must allege that (1) she was subjected to verbal or physical conduct because of her race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment."[17] The Complaint as presently constituted falls far short of that standard.

Although it appears unlikely that Auguiste can plead the elements of a hostile work environment claim, the Court is not inclined to deny her that opportunity. Thus, dismissal will be with leave to amend.

## IV. ORDER

The Complaint on file herein is hereby **DISMISSED** without prejudice.

Auguiste is granted through and including **Monday, December 5, 2016**, within which to either elect to proceed on her claims in the appropriate Alaska state court *or* file an Amended Complaint. In the event Auguiste elects to amend her complaint, she *must*:

1. Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a) which provides:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

---

[16] *Johnson, M.D. v. Riverside Healthcare System*, 534 F.3d 1116, (9th Cir. 2008).

[17] *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003) (quoted and applied in *Johnson*.)

DISMISSAL ORDER
*Auguiste v. Providence Alaska*, 3:16-cv-00171-TMB                                                                      6

Case 3:16-cv-00171-TMB   Document 8   Filed 10/28/16   Page 6 of 7

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Auguiste *must* also comply with Rule 10, including the requirement that her claims be separately stated in numbered paragraphs, limited as far as practicable to a single set of circumstances or fact.

2. With respect to each claim plead without legal argument or citation to authority the facts entitling him to relief: (1) the identity of the person doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result; and (4) the specific relief requested, e.g., amount of monetary damages or specific, non-monetary relief requested.

3. Sequentially number paragraphs, and attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within her possession, custody, or control.

**In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED**

Dated: October 27, 2016.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE